IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION )
CENTER )
1718 Connecticut Avenue, N.W. )
Suite 200 )
Washington, DC 20009, )
                                               Plaintiff, )
                                                      v. )   C. A. No. _____
 )
DEPARTMENT OF JUSTICE )
950 Pennsylvania Avenue, N.W. )
Washington DC 20530, )
 )
                                             Defendant. )

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks injunctive and other appropriate relief for the expedited processing and release of agency records requested by plaintiff from the Federal Bureau of Investigation, a component of defendant Department of Justice.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

3. Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, DC. EPIC's activities

include the review of federal law enforcement activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports and a bi-weekly electronic newsletter. EPIC also maintains a heavily-visited site on the World Wide Web (www.epic.org) containing extensive information on privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

4. Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI"), Office of the Inspector General, Office of the Attorney General ("Attorney General"), and Office of Public Affairs are all components within defendant DOJ.

## Background

5. On March 29, 2005, plaintiff submitted a FOIA request to the FBI requesting, *inter alia*, records concerning the Bureau's use of sunsetting provisions of the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("USA PATRIOT Act"). In response to a subsequent lawsuit filed by plaintiff concerning this request, the FBI released, *inter alia*, documents describing thirteen instances of apparent intelligence misconduct by the FBI. Most of these matters were referred to the Intelligence Oversight Board ("IOB").

6. The documents were the subject of intense media interest, reported and editorialized by news outlets throughout the country. As the Washington Post explained,

> The FBI has conducted clandestine surveillance on some U.S. residents for as long as 18 months at a time without proper paperwork or oversight, according to previously classified documents to be released today.

Records turned over as part of a Freedom of Information Act lawsuit also indicate that the FBI has investigated hundreds of potential violations related to its use of secret surveillance operations, which have been stepped up dramatically since the Sept. 11, 2001, attacks but are largely hidden from public view.

In one case, FBI agents kept an unidentified target under surveillance for at least five years — including more than 15 months without notifying Justice Department lawyers after the subject had moved from New York to Detroit. An FBI investigation concluded that the delay was a violation of Justice guidelines and prevented the department "from exercising its responsibility for oversight and approval of an ongoing foreign counterintelligence investigation of a U.S. person."

In other cases, agents obtained e-mails after a warrant expired, seized bank records without proper authority and conducted an improper "unconsented physical search," according to the documents.

### Plaintiff's FOIA Requests and Request for Expedited Processing

7. By letters dated November 14, 2005, to the FBI and Office of the Inspector General, plaintiff requested under the FOIA agency records concerning matters of possible intelligence misconduct reported or considered for reporting to the IOB.

8. On the same day, plaintiff submitted a FOIA request to the Attorney General asking for all reports of possible intelligence misconduct received from the IOB, as well as all records concerning actions taken by the Attorney General and/or DOJ in response to such reports.

9. EPIC also wrote to the Office of Public Affairs to request expedited processing under an agency-specific standard set forth in 28 C.F.R. § 16.5(d)(1)(iv), arguing that records requested concern a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

10. By letter dated November 16, 2005, the Office of the Inspector General informed plaintiff that it had located no documents responsive to plaintiff's request.

11. By letter dated December 1, 2005, the DOJ Office of Information Privacy

acknowledged receipt of plaintiff's letter to the Attorney General and stated that the Director of Public Affairs had granted plaintiff's request for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv).

12. By letter dated December 23, 2005, the FBI acknowledged receipt of plaintiff's letter to the Bureau and stated that the Director of Public Affairs had granted plaintiff's request for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv).

13. Notwithstanding the Director of Public Affairs' purported decision to expedite the processing of plaintiff's FOIA requests, to date, neither the FBI nor the Attorney General has responded to plaintiff's requests.

14. Notwithstanding the Director of Public Affairs' purported decision to expedite the processing of plaintiff's FOIA requests, both the FBI and Attorney General have violated the generally applicable statutory time limit for the processing of any FOIA request.

15. Plaintiff has exhausted the applicable administrative remedies.

16. The FBI and Attorney General have wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

17. Plaintiff repeats and realleges paragraphs 1-16.

18. The FBI and Attorney General have wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

19. Plaintiff has exhausted the applicable administrative remedies with respect the FBI and Attorney General's wrongful withholding of the requested records.

20.  Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOJ (and its components FBI and Attorney General) to process immediately the requested records in their entirety;

B. order defendant DOJ (and its components FBI and Attorney General), upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
MARCIA HOFMANN
D.C. Bar. No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar. No. 422825

ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff