IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No.<br>1:06-cv-0029 (CKK) |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF

Defendant, the United States Department of Justice ("DOJ"), by and through its undersigned counsel, hereby answers plaintiff's Complaint for Injunctive Relief ("Complaint") filed on January 10, 2006, as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant responds to the numbered paragraphs of plaintiff's Complaint as set forth below.

1. This paragraph contains a description of the civil action to which a response is not required.

2. This paragraph contains plaintiff's allegations concerning jurisdiction and venue, which do not require a response, but insofar as a response may be required, defendant denies, except to admit that this Court has jurisdiction exclusively pursuant to 5 U.S.C. § 552 (a)(4)(B)

and that venue is proper in this district.

3. This paragraph describes the functions and activities of plaintiff Electronic Privacy Information Center ("EPIC") to which a response is not required, but insofar as a response may be required, defendant lacks sufficient knowledge to admit or deny, except to admit that the EPIC maintains a web site, www.epic.org.

4. Admits.

5. Admits the allegations in the first sentence, and respectfully refers the Court to EPIC's March 29, 2005 FOIA letter to the Federal Bureau of Investigation (FBI) for a full and complete statement of its contents. With respect to the allegations in the second sentence, defendant admits, except to deny plaintiff's characterization of the documents which it received in response to its prior FOIA request. Defendant denies the allegations in the third sentence, except to admit that some matters were reported to the Intelligence Oversight Board.

6. Denies, except to admit that there were some articles in certain newspapers and other news media at the time of the release and that plaintiff accurately quotes a portion of an article in the Washington Post.

7. Admits, and respectfully refers the Court to EPIC's November 14, 2005 FOIA request letters to the FBI and the Office of Inspector General for a full and complete statement of their contents.

8. Admits, except to aver that plaintiff's request was sent to Melanie Ann Pustay, Deputy Director of the Department of Justice's Office of Information and Privacy, not the Attorney General. Defendant respectfully refers the Court to EPIC's November 14, 2005 FOIA request letter to Ms. Pustay for a full and complete statement of its contents.

9. Admits, and respectfully refers the Court to EPIC's November 14, 2005 letter to

the Office of Public Affairs for a full and complete statement of its contents.

10. Admits, and respectfully refers the Court to the November 16, 2005 letter from Adrienne Owens, Paralegal, Office of Inspector General, to Marcia Hofmann, Director, Open Government Project, EPIC, for a full and complete statement of its contents.

11. Admits, and respectfully refers the Court to the December 1, 2005 letter from Tricia Wellman, Senior Counsel, Office of Information and Privacy, to Marcia Hofmann, for a full and complete statement of its contents.

12. Admits, and respectfully refers the Court to the December 23, 2005 letter from David M. Hardy, Section Chief, Records/Information Dissemination Section, Records Management Division, to Marcia Hofmann for a full and complete statement of its contents.

13. Admits, except to deny plaintiff's characterization of the Director's decision to grant expedited processing as a "purported" decision.

14. This paragraph contains conclusions of law and not averments of fact to which no response is required, but insofar as a response may be required, defendant denies.

15. This paragraph contains conclusions of law and not averments of fact to which no response is required.

16. This paragraph contains conclusions of law and not averments of fact to which no response is required, but insofar as a response may be required, defendant denies.

17. Defendant hereby incorporates by reference as if fully set forth herein its response to paragraphs 1-16.

18-20. These paragraphs contain conclusions of law and not averments of fact to which no response is required, but insofar as a response may be required, defendant denies.

Wherefore, having fully answered, defendant denies any and all allegations not

specifically addressed above, denies that plaintiffs are entitled to the relief requested or to any relief whatsoever, and avers that the plaintiffs' Complaint should be dismissed.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L WAINSTEIN.
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES, DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7108
Washington, D.C. 20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail: marcia.sowles@usdoj.gov

Attorneys for Defendant