## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0029 (CKK) |
| | ) | ECF |
| **DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S MOTION TO COMPEL EXPEDITED PROCESSING OF ITS FREEDOM OF INFORMATION ACT REQUEST

Plaintiff Electronic Privacy Information Center ("EPIC" or "plaintiff") respectfully moves for entry of an order requiring defendant Department of Justice's component the Federal Bureau of Investigation ("FBI") to expedite the processing of plaintiff's Freedom of Information Act request for records concerning instances of apparent intelligence misconduct; to complete the processing of plaintiff's request within twenty (20) days; and to produce a *Vaughn* index within thirty (30) days. Defendant does not dispute that plaintiff's request is legally entitled to expedited processing under the statute and the agency's regulations. However, nearly four months after plaintiff submitted its request, the FBI has failed to complete its processing.

### PRELIMINARY STATEMENT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the expedited processing and release of agency records concerning, *inter alia*, instances of apparent intelligence misconduct reported by the FBI to the Intelligence

Oversight Board.  The FBI is a component of defendant Department of Justice ("DOJ").

The DOJ has  acknowledged that the requested information fits squarely within the narrow

category for which Congress has mandated expedited processing, and in December 2005

purported to grant plaintiff's request for such expeditious treatment.  Nonetheless, in

violation of the FOIA and the Bureau's own regulations, the FBI has failed to process

plaintiff's request even within the twenty-working day time frame for processing a

standard FOIA request not entitled to expedited treatment. Because time is at the essence

of plaintiff's rights and the DOJ's obligations, plaintiff seeks entry of an order compelling

the FBI to complete processing and disclose non-exempt, responsive records within twenty

(20) days of the Court's order, and to produce a *Vaughn* index detailing withholdings

within thirty (30) days.  Plaintiff also respectfully requests that this court enter an order to

establish a schedule for briefing dispositive motions in this case.

     Pursuant to LCvR 7(m), plaintiff conferred with counsel for defendant DOJ before

filing this motion to compel the expedited processing of plaintiff's FOIA request.

Defendant DOJ has indicated that it will oppose this motion.

## STATEMENT OF FACTS

**A.**     **<u>The Intelligence Oversight Board, Plaintiff's Earlier FOIA Efforts and the FBI's Reports of Intelligence Misconduct</u>**

     In 1993, President Clinton signed Executive Order 12863, which was intended to

"enhance the security of the United States by improving the quality and effectiveness of

intelligence available to the United States, and to assure the legality of activities of the

Intelligence Community[.]"  Exec. Order No. 12863, 58 Fed. Reg. 48441 (Sept. 15, 1993).[1]

The order established the President's Foreign Intelligence Advisory Board ("PFIAB").  *Id.*

§ 1.1.  It also created a standing committee of the PFIAB known as the Intelligence

Oversight Board ("IOB"). *Id.* § 2.1.  Executive Order 12863 directs inspectors general and

general counsel throughout the intelligence community to report to the IOB "intelligence

activities that they have reason to believe may be unlawful or contrary to Executive order

or Presidential directive."  *Id.* § 2.4.  The IOB, in turn, must forward such reports to the

Attorney General.  *Id.* § 2.2(b).

On March 29, 2005, plaintiff submitted a FOIA request to the FBI requesting, *inter*

*alia*, records concerning the Bureau's use of sunsetting provisions of the Uniting and

Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct

Terrorism Act of 2001 ("USA PATRIOT Act").  In response to a subsequent lawsuit filed

by plaintiff concerning this request, the FBI released, *inter alia*, documents describing

thirteen instances of apparent intelligence misconduct by the FBI.  The documents

indicated that most of these matters were referred to the IOB.

These documents were the subject of intense media interest, reported and

editorialized by news outlets throughout the country.  As the Washington Post explained,

> The FBI has conducted clandestine surveillance on some U.S. residents for
> as long as 18 months at a time without proper paperwork or oversight,
> according to previously classified documents to be released today.
>
> Records turned over as part of a Freedom of Information Act lawsuit also
> indicate that the FBI has investigated hundreds of potential violations
> related to its use of secret surveillance operations, which have been stepped
> up dramatically since the Sept. 11, 2001 attacks but are largely hidden from
> public view.

---

[1] As amended by Exec. Order No. 13070 (Dec. 15, 1997), Exec. Order No. 13301 (May 14, 2003), and Exec. Order No. 13376 (Apr. 13, 2005).

In one case, FBI agents kept an unidentified target under surveillance for at least five years — including more than 15 months without notifying Justice Department lawyers after the subject had moved from New York to Detroit. An FBI investigation concluded that the delay was a violation of Justice guidelines and prevented the department "from exercising its responsibility for oversight as approval of an ingoing foreign counterintelligence investigation of a U.S. person."

In other cases, agents obtained e-mails after a warrant expired, seized bank records without proper authority and conducted an improper "unconsented physical search," according to the documents.

Dan Eggen, *FBI Papers Indicate Intelligence Violations*, Washington Post, Oct. 24, 2005,

at A01 (attached hereto as Exhibit 1).  The New York Times subsequently reported:

Civil rights advocates called on Monday for Congress to increase its oversight of the Federal Bureau of Investigation's surveillance of suspects in intelligence investigations, in light of newly disclosed records indicating that the F.B.I. had violated the law.

But the Bureau defended its record, saying it had been diligent in policing itself and in correcting lapses considered to be largely technical and procedural.

The debate was prompted by a set of internal F.B.I. documents made public on Monday that disclosed at least a dozen violations of federal law or bureau policy from 2002 to 2004 in the handing of surveillance and investigative matters.

Expanding on that data, the bureau said on Monday that internal reviews had identified 113 violations since last year that were referred to a federal intelligence board.

Eric Lichtblau, *Tighter Oversight of F.B.I. is Urged After Investigation Lapses*, NY Times,

Oct. 25, 2005, at A16 (attached hereto as Exhibit 2).

**B.      Plaintiff's FOIA Requests and Requests for Expedited Processing**

By letters dated November 14, 2005 to the FBI and Office of the Inspector

General, plaintiff requested under the FOIA "all documents related to matters of possible

intelligence misconduct reported or considered for reporting to the Intelligence Oversight

Board" created between September 2001 and the date of the requests.  Exhibits 3 & 4 (attached hereto).  On the same day, plaintiff submitted a FOIA request to the Attorney General for "all reports of possible intelligence misconduct reported from the Intelligence Oversight Board . . . to the Attorney General," and "all records concerning actions take by the Attorney General and/or Department of Justice . . . in response to such IOB reports" between September 2001 and the date of the request. Exhibit 5 (attached hereto).  In its letters to all three DOJ components, plaintiff asked that the processing of its FOIA requests be expedited because they involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" pursuant to 28 C.F.R. § 16.5(d)(1)(iv).  Exhibits 3, 4 & 5.[2]

On November 16, 2005, the Office of the Inspector General informed plaintiff by letter that it had located no documents responsive to plaintiff's request.  Exhibit 7 (attached hereto).

By letter dated December 1, 2005, the DOJ Office of Information and Privacy acknowledged receipt of plaintiff's letter to the Attorney General, and stated that the Director of Public Affairs had granted plaintiff's request for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv). Exhibit 8 (attached hereto).  By letter dated March 1, 2006, the DOJ Office of Information and Privacy informed plaintiff that the Attorney General had located no records responsive to plaintiff's FOIA request.  Exhibit 9 (attached hereto).

By letter dated December 23, 2005, the FBI informed plaintiff that the DOJ's

---

[2] By letter dated November 14, 2005, plaintiff provided copies of its three request letters to DOJ's Director of Public Affairs, who, pursuant to 28 C.F.R. § 16.5(d)(2), is responsible for making expedition determinations under the standard set forth at 28 C.F.R. § 16.5(d)(1)(iv).  Exhibit 6 (attached hereto).

Director of Public Affairs had granted plaintiff's expedited processing request to the

Bureau.  Exhibit 10 (attached hereto).  On February 24, 2006, the FBI sent EPIC "the first

in a series of interim responses" to its FOIA request.  Letter from David M. Hardy, Section

Chief, Record/Information Dissemination Section, Records Management Division, FBI, to

Marcia Hofmann, Director, Open Government Project, EPIC (Feb. 24, 2006) (attached

hereto as Exhibit 11).  The Bureau told plaintiff that it had reviewed 238 pages responsive

to EPIC's request, 209 of which were released in part to plaintiff.  *Id.* at 1.  Approximately

82 of these pages had already been released to plaintiff in prior litigation.  *Id.* at 2.  The

FBI did not indicate when it expects to complete its processing of the remaining material

responsive to plaintiff's request.

## ARGUMENT

### I.      The DOJ Has Failed to Expedite the Processing of Plaintiff's Requests

The issue raised in this motion is simple and straightforward.  Although the FBI

acknowledged plaintiff's legal entitlement to expedited processing of its FOIA request

more than two months ago, the agency has failed to comply with not only the FOIA's

provisions for expedited processing, but also the statute's mandated time frame of twenty

working days for responding to a standard, non-expedited request.  The agency's failure to

process plaintiff's requests constitutes a continuing impediment to plaintiff's (and the

public's) ability to examine reports of apparent FBI intelligence misconduct.  The agency's

action is clearly unlawful and should be enjoined.

Pursuant to the FOIA and DOJ regulations, the FBI is generally required to

"determine within 20 days (except Saturdays, Sundays, and legal public holidays) after the

receipt of  . . . [a] request whether to comply with such request and shall immediately

notify the person making such request of such determination[.]"  5 U.S.C. §

552(a)(6)(A)(i); *see also* 28 CFR § 16.6(b).  If, as in this case, the FBI grants expedited

treatment, the agencies are obligated to process the request "as soon as practicable." 5

U.S.C. § 552(a)(6)(E)(iii); 28 CFR § 16.5(d)(4).

      Here, the FBI determined that plaintiff's request was entitled to expedited

processing.  Exhibit 10 ("The Director of Public Affairs has granted your request for

expedited processing").  Now, more than two months after the Bureau purportedly granted

"expedited processing," it has failed to complete the processing of plaintiff's requests in an

expedited — or any other — manner.

      There is no indication in the record that the FBI has done anything more than pay

lip service to plaintiff's statutory and regulatory entitlement to expedition.  The FBI's only

statement concerning the anticipated timing of its response to plaintiff's FOIA request

suggests the likelihood of open-ended delay: "This release is the first in a series of interim

releases that will be made for this request."  Exhibit 11 at 2.

      Although it is undisputed that plaintiff's request is legally entitled to expedited

treatment, the Bureau has even failed to comply with the time frame required by the FOIA

and DOJ regulations for issuing a determination on a *standard* FOIA request.  It is clear

that the FBI's ongoing delay in processing EPIC's request violates the law.  As the Court

recently held:

> an agency that violates the twenty-day deadline applicable to standard
> FOIA requests presumptively also fails to process an expedited request "as
> soon as practicable."  That is, a *prima facie* showing of agency delay exists
> when an agency fails to process an expedited FOIA request within the time
> limit applicable to standard FOIA requests.

*Electronic Privacy Information Center v. Dep't of Justice*, No. 06-00096, 2006 U.S. Dist.

LEXIS 5773, at **19-20 (D.D.C. Feb. 16, 2006) (attached hereto as Exhibit 12).  Thus,

defendant DOJ has clearly failed to meet its legal obligation to process EPIC's request on

an expedited basis, even though it has conceded that the request warrants expedited

treatment.

## II.   The Court Should Order the FBI to Process Plaintiff's FOIA Request Immediately

This Court should order defendant DOJ and its component the FBI to take whatever

steps are necessary to complete the processing of plaintiff's request as expeditiously as

possible, including the placement of plaintiff's request ahead of all other requests

warranting expedited processing that were received subsequent to the FBI's receipt of

plaintiff's request on November 14, 2005.  As such, plaintiff requests that the Court direct

the FBI to complete its processing of the request within twenty (20) days of the entry of the

Court's order, and produce a *Vaughn* index detailing withholdings within thirty (30) days

of the Court's order.

This Court unquestionably has the authority to impose a deadline upon the FBI to

complete the processing of EPIC's request.  As the Court recently stated, "relevant case

law . . . implicitly reject[s] the notion that the decision of practicality is to be determined

solely by the agency and support[s] the contention that courts have the authority, and

perhaps the obligation, to scrutinize closely agency delay." *Electronic Privacy Information

Center v. Dep't of Justice*, No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at **15-17, citing

*Leadership Conference on Civil Rights v. Gonzales*, No. 04-1664, 2005 U.S. Dist. LEXIS

33158, at **32-33 (D.D.C. Dec. 9, 2005); *Electronic Privacy Information Center v. Dep't

of Justice*, No. 05-845, 2005 U.S. Dist. LEXIS 40318, at **4-6 (D.D.C. Nov. 16, 2005);

*Aguilera v. FBI*, 941 F. Supp. 144, 153 (D.D.C. 1996); *Cleaver v. Kelley*, 427 F. Supp. 80,

81-82 (D.D.C. 1976).

Courts routinely impose deadlines upon agencies to complete the expedited processing of FOIA requests and account for withholdings.  Indeed, in several recent cases, this Court and others have imposed specific processing deadlines on agencies, requiring the prompt delivery of non-exempt records and *Vaughn* indices to FOIA requesters.  In *Judicial Watch, Inc. v. Dep't of Energy*, the Court ordered the Commerce Department and the Transportation Department to process, respectively, 9000 and 6000 pages of material; to complete the processing within 60 days; and to provide the requester with a *Vaughn* index within 72 days. 191 F. Supp. 2d 138, 141 (D.D.C. 2002).  It is worth noting that the FOIA requests at issue in that case were *not* claimed to be entitled to expedited processing. Similarly, in *Natural Resources Defense Council v. Dep't of Energy*, the Court ordered the Energy Department to process 7500 pages of material; to complete the processing of the "vast majority" of the material within 32 days; to complete all processing within 48 days; and to provide the requester with a *Vaughn* index within 63 days. 191 F. Supp. 41, 43-44 (D.D.C. 2002).  Again, the FOIA request in *NRDC*, unlike the requests at issue here, had not been granted expedited treatment.

In *American Civil Liberties Union v. Dep't of Defense*, a case involving an expedited request, a federal district court ordered a variety of agencies to "produce or identify all responsive documents," and to provide the requesters with a *Vaughn* index within 30 days.  339 F. Supp. 2d 501, 505 (S.D.N.Y. 2004).  Likewise, in *Electronic Privacy Information Center v. Dep't of Justice*, this Court ordered the FBI to "complete the processing of 1500 pages every 15 calendar days, and provide to Plaintiff all responsive non-exempt pages contained therein, until processing is complete," after the agency had

granted a request for expedited processing but, as here, failed to produce any responsive records.  No. 05-845, 2005 U.S. Dist. LEXIS 40318, at *5 (D.D.C. Nov. 16, 2005) (attached hereto as Exhibit 13).  Most recently, in *Electronic Privacy Information Center v. Dep't of Justice*, this Court ordered four DOJ components to complete the processing of FOIA requests in 20 days and to produce a *Vaughn* index in 30 days when the agencies had granted the requests expedited processing but failed to produce records.  No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at *30.

There is no question in this case that plaintiff is entitled to expedited processing of its FOIA request to the FBI.  Therefore, this Court should exercise its authority to impose a deadline by which the Bureau must complete its processing of the request and produce a *Vaughn* index to account for any withholdings.

### III.   The Court Should Expedite its Consideration of Plaintiff's Motion

Plaintiff respectfully requests expedited consideration of this matter.  Under the statutory scheme Congress established in the FOIA, it is clear that time is of the essence here and that any further delay in the processing of plaintiff's request will cause irreparable injury.  *See* 5 U.S.C. § 552(a)(6)(E) (agencies must determine requests for expedition within 10 calendar days; aggrieved requesters need not submit administrative appeals before seeking judicial review); *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001) (analyzing entitlement to expedited processing under preliminary injunction standard).

As this Court noted in a recent case involving the same issue presented here, "EPIC's right to expedition is certainly not satisfied by DOJ's *decision* to give priority to EPIC's requests.  What matters to EPIC is not how the requests are labeled by the agency, but rather when the documents are actually released." *Electronic Privacy Information*

*Center v. Dep't of Justice,* No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at *24 (emphasis

in original).  Unless this Court orders the FBI to process plaintiff's request in a timely

manner, plaintiff's right to expedition under the FOIA will be irretrievably lost.

**CONCLUSION**

For the foregoing reasons, this Court should grant plaintiff's motion for entry of an

order requiring defendant DOJ and its component the FBI to expedite the processing of

plaintiff's Freedom of Information Act request for records concerning reports of apparent

intelligence misconduct, to complete the processing of plaintiff's request within twenty

(20) days of the Court's order, and to produce a *Vaughn* index within thirty (30) days. This

Court should also grant EPIC's request for an order establishing a schedule for briefing

dispositive motions in this case.

Respectfully submitted,

/s/_____
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar No. 422825

ELECTRONIC PRIVACY INFORMATION
        CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff