# EXHIBIT 1

Copyright 2005 The Washington Post
The Washington Post

October 24, 2005 Monday
Final Edition

**SECTION:** A Section; A01

**LENGTH:** 1140 words

**HEADLINE:** FBI Papers Indicate Intelligence Violations;
Secret Surveillance Lacked Oversight

**BYLINE:** Dan Eggen, Washington Post Staff Writer

**BODY:**

The FBI has conducted clandestine surveillance on some U.S. residents for as long as 18 months at a time without proper paperwork or oversight, according to previously classified documents to be released today.

Records turned over as part of a Freedom of Information Act lawsuit also indicate that the FBI has investigated hundreds of potential violations related to its use of secret surveillance operations, which have been stepped up dramatically since the Sept. 11, 2001, attacks but are largely hidden from public view.

In one case, FBI agents kept an unidentified target under surveillance for at least five years -- including more than 15 months without notifying Justice Department lawyers after the subject had moved from New York to Detroit. An FBI investigation concluded that the delay was a violation of Justice guidelines and prevented the department "from exercising its responsibility for oversight and approval of an ongoing foreign counterintelligence investigation of a U.S. person."

In other cases, agents obtained e-mails after a warrant expired, seized bank records without proper authority and conducted an improper "unconsented physical search," according to the documents.

Although heavily censored, the documents provide a rare glimpse into the world of domestic spying, which is governed by a secret court and overseen by a presidential board that does not publicize its deliberations. The records are also emerging as the House and Senate battle over whether to put new restrictions on the controversial USA Patriot Act, which made it easier for the government to conduct secret searches and surveillance but has come under attack from civil liberties groups.

The records were provided to The Washington Post by the Electronic Privacy Information Center, an advocacy group that has sued the Justice Department for records relating to the Patriot Act.

David Sobel, EPIC's general counsel, said the new documents raise questions about the extent of possible misconduct in counterintelligence investigations and underscore the need for greater congressional oversight of clandestine surveillance within the United States.

"We're seeing what might be the tip of the iceberg at the FBI and across the intelligence community," Sobel said. "It indicates that the existing mechanisms do not appear adequate to prevent abuses or to ensure the public that abuses that are identified are treated seriously and remedied."

FBI officials disagreed, saying that none of the cases have involved major violations and most amount to administrative errors. The officials also said that any information obtained from improper searches or eavesdropping is quarantined and eventually destroyed.

"Every investigator wants to make sure that their investigation is handled appropriately, because they're not going to be allowed to keep information that they didn't have the proper authority to obtain," said one senior FBI official, who declined to be identified by name because of the ongoing litigation. "But that is a relatively uncommon occurrence. The vast majority of the potential [violations] reported have to do with administrative timelines and time frames for renewing orders."

The documents provided to EPIC focus on 13 cases from 2002 to 2004 that were referred to the Intelligence Oversight Board, an arm of the President's Foreign Intelligence Advisory Board that is charged with examining violations of the laws and directives governing clandestine surveillance. Case numbers on the documents indicate that a minimum of 287 potential violations were identified by the FBI during those three years, but the actual number is certainly higher because the records are incomplete.

FBI officials declined to say how many alleged violations they have identified or how many were found to be serious enough to refer to the oversight board.

Catherine Lotrionte, the presidential board's counsel, said most of its work is classified and covered by executive privilege. The board's investigations range from "technical violations to more substantive violations of statutes or executive orders," Lotrionte said.

Most such cases involve powers granted under the Foreign Intelligence Surveillance Act, which governs the use of secret warrants, wiretaps and other methods as part of investigations of agents of foreign powers or terrorist groups. The threshold for such surveillance is lower than for traditional criminal warrants. More than 1,700 new cases were opened by the court last year, according to an administration report to Congress.

In several of the cases outlined in the documents released to EPIC, FBI agents failed to file annual updates on ongoing surveillance, which are required by Justice Department guidelines and presidential directives, and which allow Justice lawyers to monitor the progress of a case. Others included a violation of bank privacy statutes and an improper physical search, though the details of the transgressions are edited out. At least two others involve e-mails that were improperly collected after the authority to do so had expired.

Some of the case details provide a rare peek into the world of FBI counterintelligence. In 2002, for example, the Pittsburgh field office opened a preliminary inquiry on a person to "determine his/her suitability as an asset for foreign counterintelligence matters" -- in other words, to become an informant. The violation occurred when the agent failed to extend the inquiry while maintaining contact with the potential asset, the documents show.

The FBI general counsel's office oversees investigations of alleged misconduct in counterintelligence probes, deciding whether the violation is serious enough to be reported to the oversight board and to personnel departments within Justice and the FBI. The senior FBI official said those cases not referred to the oversight board generally involve missed deadlines of 30 days or fewer with no potential infringement of the civil rights of U.S. persons, who are defined as either citizens or legal U.S. resident aliens.

"The FBI and the people who work in the FBI are very cognizant of the fact that people are watching us to make sure we're doing the right thing," the senior FBI official said. "We also want to do the right thing. We have set up procedures to do the right thing."

But in a letter to be sent today to the Senate Judiciary Committee, Sobel and other EPIC officials argue that the documents show how little Congress and the public know about the use of clandestine surveillance by the FBI and other agencies. The group advocates legislation requiring the attorney general to report violations to the Senate.

The documents, EPIC writes, "suggest that there may be at least thirteen instances of unlawful intelligence investigations that were never disclosed to Congress."

**LOAD-DATE:** October 24, 2005