IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER )<br><br>Plaintiff, )<br><br>v. )<br><br>DEPARTMENT OF JUSTICE )<br><br>Defendant ) | Civ. A. No 06-CV-0029 |

# ATTACHMENT A

ELECTRONIC PRIVACY INFORMATION CENTER



November 14, 2005

1718 Connecticut Ave NW

Suite 200

Washington DC 20009

USA

+1 202 483 1140 [tel]

+1 202 483 1248 [fax]

www.epic.org

BY FACSIMILE — (202) 324-3752

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue N.W.
Washington, DC  20535-0001

RE:    Freedom of Information Act Request and Request for
       Expedited Processing

Dear Mr. Hardy:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552, and Department of Justice regulation 28 C.F.R. § 16, and is submitted to
the Federal Bureau of Investigation ("FBI") on behalf of the Electronic Privacy
Information Center ("EPIC").

We are seeking the following agency records (including but not limited to electronic
records) from September 2001 to the present:  all documents related to matters of
possible intelligence misconduct reported or considered for reporting to the Intelligence
Oversight Board ("IOB").  We believe these records are likely to have originated in the
FBI Office of the General Counsel.

This request follows up on a prior EPIC request numbered FOIAPA No. 1017326-000 in
the FBI's records.  Pursuant to that request, EPIC received from the FBI a series of
thirteen reports on intelligence matters considered by the Office of the General Counsel,
most of which were reported to the IOB.

Request for Expedited Processing

We assert that this request clearly meets the standard for expedited processing under
applicable Department of Justice ("DOJ") regulations because it involves a "matter of
widespread and exceptional media interest in which there exist possible questions about
the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv).
Accordingly, we have submitted a request for expedited processing to the Office of
Public Affairs pursuant to 28 C.F.R. § 16.5(d)(2), which is attached hereto.

Request for "News Media" Fee Status

EPIC is a non-profit, educational organization that routinely and systematically disseminates information to the public. This is accomplished through several means. First, EPIC maintains a heavily visited Web site (www.epic.org) that highlights the "latest news" concerning privacy and civil liberties issues. The site also features scanned images of documents EPIC obtains under the FOIA. Second, EPIC publishes a bi-weekly electronic newsletter that is distributed to over 15,000 readers, many of whom report on technology issues for major news outlets. The newsletter reports on relevant policy developments of a timely nature (hence the bi-weekly publication schedule). It has been published continuously since 1996, and an archive of past issues is available at our Web site. Finally, EPIC publishes and distributes printed books that address a broad range of privacy, civil liberties and technology issues. A list of EPIC publications is available at our Web site.

For the foregoing reasons, EPIC clearly fits the definition of "representative of the news media" contained in the FOIA and the DOJ regulations. Indeed, the U.S. District Court for the District of Columbia has held that EPIC is a "news media" requester under the FOIA. *See Electronic Privacy Information Center v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003). Based on our status as a "news media" requester, we are entitled to receive the requested records with only duplication fees assessed under 28 CFR § 16.11(c)(2). Further, because disclosure of this information will "contribute significantly to public understanding of the operations or activities of the government," as described above, any duplication fees should be waived.

Thank you for your consideration of this request. As applicable Department regulations provide, I will anticipate the DOJ's determination on our request for expedited processing within ten (10) calendar days. Should you have any questions about this request, please feel free to call me at 202-483-1140 ext. 112.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge.

Sincerely,

Marcia Hofmann
Director, Open Government Project

2

ELECTRONIC PRIVACY INFORMATION CENTER



November 14, 2005

1718 Connecticut Ave NW

Suite 200

Washington DC 20009

USA

+1 202 483 1140 (tel)

+1 202 483 1248 (fax)

www.epic.org

BY FACSIMILE – (202) 514-5331

Tasia Scolinos
Director, Office of Public Affairs
Department of Justice
Suite 570, Flag Building
Washington, DC 20530-0001

RE:    Request for Expedited Freedom of Information Act Processing

Dear Ms. Scolinos:

This letter constitutes a request for expedited processing under the Department of
Justice regulation 28 C.F.R. § 16.5(d)(1). It is directed to the Department of Justice
Office of Public Affairs pursuant to 28 C.F.R. § 16.5(d)(2), and is submitted on
behalf of the Electronic Privacy Information Center ("EPIC").

Today EPIC submitted FOIA requests to the Federal Bureau of Investigation ("FBI"),
Office of the Inspector General, and Office of the Attorney General (attached and
incorporated herein by reference). These letters request records related to the FBI's
reporting of potential intelligence misconduct to the Intelligence Oversight Board and
reports forwarded by the Intelligence Oversight Board to the Attorney General. We
assert that these requests clearly meet the standard for expedited processing under
applicable Department of Justice regulations because it involves a "matter of
widespread and exceptional media interest in which there exist possible questions
about the government's integrity which affect public confidence." 28 C.F.R. §
16.5(d)(1)(iv).

Request for Expedited Processing

This request warrants expedited processing because it pertains to a "matter of
widespread and exceptional media interest in which there exist possible questions
about the government's integrity which affect public confidence." 28 C.F.R. §
16.5(d)(1)(iv).

The government activity at issue here — possible intelligence misconduct and the
Attorney General's response to it — raises serious questions about the government's
use of its investigative authority and has received considerable media attention in
recent days. Based on prior documents released to EPIC by the FBI, the Washington
Post reported on its front page on October 24, 2005:

The FBI has conducted clandestine surveillance on some U.S. residents for as long as 18 months at a time without proper paperwork or oversight, according to previously classified documents to be released today.

Records turned over as part of a Freedom of Information Act lawsuit also indicate that the FBI has investigated hundreds of potential violations related to its use of secret surveillance operations, which have been stepped up dramatically since the Sept. 11, 2001, attacks but are largely hidden from public view.

*    *    *

Although heavily censored, the documents provide a rare glimpse into the world of domestic spying, which is governed by a secret court and overseen by a presidential board that does not publicize its deliberations. The records are also emerging as the House and Senate battle over whether to put new restrictions on the controversial USA Patriot Act, which made it easier for the government to conduct secret searches and surveillance but has come under attack from civil liberties groups.

Dan Eggen, *FBI Papers Indicate Intelligence Violations*, Washington Post, Oct. 24, 2005, at A01 (attached hereto).

According to the New York Times, which also reported on the documents, "newly disclosed records indicat[e] that the F.B.I. had violated the law[.]" Eric Lichtblau, *Tighter Oversight of F.B.I. is Urged*, NY Times, Oct. 24, 2005, at A16 (attached hereto). Furthermore, the Bureau noted that "internal reviews had identified 113 violations since last year that were referred to a federal intelligence board." *Id.*

This subject has unquestionably been the subject of widespread and exceptional media interest. In addition to the Washington Post and New York Times, dozens of local and national media organizations reported on the documents throughout the United States and around the world. A Google News search located 148 news stories on the documents provided by the FBI to EPIC (Google News results attached hereto). A nonexhaustive list of media outlets that reported on this matter includes USA Today, United Press International, CNN, ABC News, FOX News, Centre Daily Times (PA), Detroit Free Press (MI), Christian Science Monitor (MA), Myrtle Beach Sun News (SC), Miami Herald (FL), Indianapolis Star (IN), San Francisco Chronicle (CA), KARE (MN), St. Louis Post-Dispatch (MO), KPHO Phoenix (AZ), Fort Wayne Journal Gazette (IN), Boston Globe (MA), Austin American-Statesman (TX), Contra Costa Times (CA), Seattle Post Intelligencer (WA), Newsday (NY), San Jose Mercury News (CA), Mohave Valley News (NV), MSNBC, Providence Eyewitness News (RI), Charlotte Observer (NC), Kansas City Star (MO), Biloxi Sun Herald (MS), Grand Forks Herald (ND), Columbus Ledger-Enquirer (GA), WXXA (NY), Bradenton Herald (FL), San Louis Obispo Tribune (CA), Duluth News Tribune

2

(MN), WSAV-TV (GA), Monterey County Herald (CA), Seattle Times (WA), Arkansas Democrat-Gazette (AR), Bakersfield California (CA), Akron Beacon Journal (OH), Corvallis Gazette Times (OR), Macon Telegraph (GA), Wilkes Barre Times-Leader (PA), Pioneer Press (MN), Times Picayune (LA), Fort Worth Star Telegram (TX), Southern Standard (TN), Aberdeen American News (SD), Hartford Courant (CT), Quad City Times (IA), Provo Daily Herald (UT), Pakistan Dawn (Pakistan), The Statesman (India), China Post (Taiwan), Kazinform (Kazakhstan), and Guardian Unlimited (UK).

Furthermore, news outlets across the country have editorialized on this matter.[1] The Washington Post noted that the documents left fundamental questions unresolved:

> More information is needed. The Justice Department's inspector general, Glenn A. Fine, ought to investigate, and report to Congress and the public. And as conferees put the final touches on the [PATRIOT Act] reauthorization bill, they should write into the law requirements that the FBI more fully disclose whom it has targeted in its domestic spying operations, what information it is gathering and what use is being made of it.

Editorial, *Check FBI Spying*, Washington Post, Nov. 10, 2005, at A28 (attached hereto). A second editorial also discussed the uncertainty created by the documents: "[t]he FBI called the violations revealed in the records given to EPIC minor and mostly administrative, The Washington Post reported. That may be, but how are Americans to know the depth and breadth of noncompliance with the law?" Editorial, *Keeping an Eye Out Editorials*, Fort Worth Star Telegram, Oct. 27, 2005, at B10 (attached hereto).

The purpose of EPIC's request is to obtain information directly relevant to the possible misuse of government intelligence activities. The records requested therefore, the records requested clearly meet the standard for expedited processing.

Thank you for your consideration of this request. As applicable Department of Justice regulations provide, I will anticipate your determination on our request for

---

[1] *See, i.e.*, Commentary, *FBI's Power to Abuse*, Orange County Register (CA), Oct. 26, 2005; Editorial, *Patriot Act Alteration is Essential*, York Dispatch (York County, PA), Oct. 27, 2005; Editorial, *Keeping an Eye Out Editorials*, Fort Worth Star Telegram, Oct. 27, 2005, at B10; Editorial, *Protect Citizen Rights*, Florida Today, Oct. 30, 2005; Editorial, *Patriot Act Dangers*, Times Union (Albany, NY), Oct. 30, 2005; Editorial and Comment, *Be Vigilant*, Columbus Dispatch (OH), Nov. 4, 2005, at 12A; Editorial, *Keep an Eye on the FBI*, Baltimore Sun, Nov. 7, 2005, at 10A; Editorial, *Check FBI Spying*, Washington Post, Nov. 10, 2005, at A28.

3

expedited processing within ten (10) calendar days.  Should you have any questions about this request, please feel free to call me at 202-483-1140 ext. 112.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge.

Sincerely,

Marcia Hofmann
Director, Open Government Project

4