# EXHIBIT 4

# Transcript of Hearing in
# <u>EPIC v. Department of Justice</u>,
# Civil Action No. 00-1849 (D.D.C.)

11/20/02 WED 09:53 FAX 202 514 1009                                    ☒003

t-j

T-J                                                                    1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
ELECTRONIC PRIVACY            :
INFORMATION CENTER,           :
                              :
        Plaintiff,            :
                              :
    v.                        :    Civil Action No. 00-1849
                              :
U.S. DEPARTMENT OF JUSTICE,   :
et al.                        :
                              :
        Defendants.           :
                              :
- - - - - - - - - - - - - - - x

                              Washington, D.C.
                              August 2, 2000
                              3:40 p.m.

              Transcript of TRO Hearing
         Before the Honorable James Robertson
              United States District Judge

APPEARANCES:

For the Plaintiff:             DAVID L. SOBEL, ESQ.


For the Defendants:            LISA BARSOOMIAN, ESQ.


Court Reporter:                TRISTAN-JOSEPH
                               Miller Reporting Company, Inc.
                               735 - 8th Street, S.E.
                               Washington, D.C. 20003
                               (202) 546-6666


Attachment No. 1 to Defendant's Opposition
to Plaintiffs' Motion for a Preliminary Injunction
02 CV 2077


MILLER REPORTING COMPANY, INC.
735 - 8TH STREET, S.E.
Washington, D.C. 20003
(202) 546-6666

11/20/02 WED 09:53 FAX 202 514 1009

t-j

@004
P.03/15

2

1         P R O C E E D I N G S

2         THE CLERK: Civil Action 00-1849. Electronic
3    Privacy Information Center versus the United States
4    Department of Justice, et al. David L. Sobel for the
5    plaintiff, and Lisa Barsoomian for the government.
6         MS. BARSOOMIAN: Good afternoon, Your Honor.
7         THE COURT: Good afternoon.
8         MR. SOBEL: Good afternoon, Your Honor.
9         THE COURT: Good afternoon.
10        It will not escape your attention that we are
11   moving from jarred baby food to carnivorous in one easy
12   step.
13        MR. SOBEL: It did occur to me, Your Honor.
14        May it please the Court. I am David Sobel
15   representing the plaintiff. I do appreciate the Court's
16   willingness to hear this matter on short notice.
17        I suppose that I should initially make the Court
18   aware of the fact that about an hour and a half ago I
19   received a fax from the defendant, FBI, informing me that
20   the Department of Justice and the FBI have granted expedited
21   processing of my request, and I will make this letter
22   available to the Court. Rather than characterize it, I'll
23   present it to the Court.
24        (Document handed to the Court.)
25        THE COURT: Okay. Well?

11/20/02 WED 09:53 FAX 202 514 1009

☑005
P.04/15

t-j

3

1  MR. SOBEL: Well, Your Honor, I think that is a
2  bit of good news. That at least resolves the question of
3  whether or not plaintiff has met the statutory and
4  regulatory standard for expedited processing. But I think
5  we're now at a bit of an impasse as to what exactly that
6  means and what that requires.
7       As I understand the government's position on this
8  from our previous discussion, the government apparently
9  believes that there is no real standard to determine what is
10 expedited, and it's basically open-ended. They point to the
11 language in the statute that refers to as soon as
12 practicable. And that is apparently where the government is
13 prepared to leave the matter.
14      I, on the other hand, believe that the statute,
15 when read as a whole and read in a way that makes sense,
16 makes reference to the 20 working days that the typical FOIA
17 request is to be processed in and that the term "expedited"
18 is a relative term and that it needs to be read in relation
19 to something in the clear import of the statute, and the
20 clear structure of the statute indicates that what it should
21 be read in relation to the 20 working days.
22      It seems that the government's interpretation
23 would basically leave us with the anomalous result that when
24 a requestor is granted expedited processing they could
25 actually end up in a worse position than if they hadn't been

11/20/02 WED 09:53 FAX 202 514 1009 ☐006

t-j

4

1  granted expedited processing. The position appears to be
2  that in the normal course of events the standard is 20
3  working days, but that if your expedited, you are subject to
4  processing as soon as the Agency minds it is practicable
5  with no standard and no point of reference.
6       So I submit that such a construction would avoid a
7  very basic rule of statutory construction, which is that we
8  do not read statutory language to get us to an absurd result
9  and think the construction that the government is advancing
10 would give us that absurd result.
11      I think if we were to accept the government's
12 position, we would basically find ourselves back before the
13 Court very soon and probably getting into what the Court
14 knows is a very standard procedure under the Open America
15 case where the government would come before the Court and
16 say, Well, we need additional time to process. There are
17 exceptional circumstances that are interfering with our
18 ability to process and the Court needs to take those factors
19 into account and needs to grant additional time.
20      If we leave the matter where the government
21 apparently wants to leave it today, which is completely
22 within the FBI's discretion as to when the material should
23 be processed, I am quite certain that that is where we will
24 be very soon that the plaintiff will find it necessary to
25 come before the Court once again to ask for the Court's

MILLER REPORTING COMPANY, INC.
735 - 8TH STREET, S.E.
Washington, D.C. 20003
(202) 546-6666

t-j

5

1. intervention to move the process along.
2. I certainly out of my experience with the
3. administrative process in this case where the Justice
4. Department was apparently not able or not willing to decide
5. the request for expedited processing within the required ten
6. calendar days. That experience Your Honor does not
7. leave me very confident of where we're going to be if the
8. question as to what constitutes expedition is left to the
9. discretion of the defendant.
10. So I would urge the Court to read the statute in a
11. way that makes sense and to read expedited processing to
12. mean something faster than 20 working days.
13. THE COURT: All right.
14. MS. BARSOOMIAN: Good afternoon, Your Honor. Lisa
15. Barsoomian and with me in the courtroom is Melanie
16. Pastay(phonetic) with the Office of Information Privacy at
17. Main Justice and Scott Hodus(phonetic), who's the Acting-
18. Chief of the FBI's FOIA section.
19. I think context is very important in this case in
20. the sense that TRO's in FOIA cases are highly unusual. The
21. plaintiff has filed a complaint. It's a four-count
22. complaint, which complains about the Department of Justice's
23. failure to timely respond to a request for expedition.
24. That's counts one and two. And counts three and four
25. complain about the Department's failure to grant the request

t-j
                                                                    6

1   for expedition.
2           In this case, the Department has granted the
3   plaintiff's request for expedition, and in that context Your
4   Honor, plaintiff's request for a TRO is moot. I have other
5   mootness arguments, but before I get to them I wanted to
6   point out to the Court that plaintiff's request for
7   expedition to Main Justice was made on July the 18th, which
8   is a Friday. He messengered over a letter to Mr. Myron
9   Marlin, who was out of the office that day. The Department
10  is given ten calendar days to respond to a request for
11  expedition.
12          Thereafter, on July 25th, the plaintiff
13  supplemented his request for expedition. And then on July
14  27th, he further supplemented his request for expedition.
15  So leaving aside whether the ten calendar days even runs
16  from July 18th, which was his original request for
17  expedition, or the dates of his two supplements, July the
18  25th, July the 27th. If the day--obviously is 10 days from
19  the 27th or 28th, it would not have even lapsed. The ten
20  days would not had even lapsed.
21          So I guess what I'm getting at is if there was any
22  delay on DOJ's part, it was extremely minimal. The DOJ
23  granted the plaintiff's expedition request on July the 31st
24  and the plaintiff was notified last night. I got hit with
25  the TRO at 5:00 p.m. I did. I don't know when my office

1  got it. And I called plaintiff's counsel as soon as I
2  could, as soon I conferred with the FBI, a counsel, and
3  Justice counsel. I was authorized then to tell him that his
4  request for expedition was granted. I did, in fact, convey
5  that to him before he filed his TRO this morning, and I
6  asked him to hold off, because I knew that the letter, the
7  formal letter, informing him--the request was forthcoming.
8       Obviously, he did not hold off filing the TRO.
9  Here we are today Your Honor taking up your Honor's time.
10 I, too, am glad that we are able to have this hearing and
11 put this matter back into context.
12      If you would like me to go on with the mootness
13 arguments, I will.
14      THE COURT: No. I'm inclined at this point to
15 agree with you that the application for a temporary
16 restraining order is moot, and it's been mooted by the grant
17 of expedited treatment.
18      But talk to me a little bit more about what "as
19 soon as practicable" means.
20      MS. BARSOOMIAN: Okay.
21      THE COURT: If the assertion is that the FBI will
22 take the position that "as soon as practicable" means
23 whatever they think it means. I suspect it has a meaning
24 closer to what I think it means, but tell me what your plans
25 are and what you think "as soon as practicable" will really

11/20/02 WED 09:54 FAX 202 514 1009                           ☒010

t-j                                                              8

1  mean here.
2         MS. BARSOOMIAN:  Okay.  I am going to do my best
3  to respond to the Court's questions and I have--feel
4  constrained to say that the defendant does not believe that
5  this is an issue proper for the TRO hearing.
6         However, "as soon as practicable" obviously is not
7  as soon as possible as the plaintiff is interpreting that
8  phrase to mean.  The FBI has received the request for
9  expedition, and the next step is for them to inquire into
10 such matters as where the information request is located,
11 the volume of the material, the nature of the material, such
12 as is it classified material?  Where--where--whether other
13 entities or components information is implicated, and it
14 also has the obligation to inquire into whether there are
15 other requests for this same information by other requestors
16 as well as taking stock of how many other priority requests
17 it has and what Court orders are out there that it must
18 comply with in an expedited manner.
19        I guess what I'm saying is the FBI has to be given
20 a reasonable amount of time to look at this request, figure
21 out what's involved here, and the next step is for it to
22 issue an acknowledgement letter to the plaintiff informing
23 them of when it thinks it can comply with the request.
24        I don't feel prepared to give the Court all of the
25 arguments as to what "as soon as practicable" means.

MILLER REPORTING COMPANY, INC.
735 - 8TH STREET, S.E.
Washington, D.C. 20003
(202) 546-6666

1  However, I do think it's important for the Court to know
2  that Congress could have set a number of days in the statute
3  and it did not. Congress could have also used the words "as
4  soon as possible." The request must be processed after
5  expedition has been granted. It chose not to. It used the
6  words "as soon as practicable," which implies that Congress
7  realizes that each FOIA request must be looked at
8  individually whose--and what--and what materials is being
9  requested and what is involved in the particular situation.
10         That is what the FBI is doing expeditiously, I can
11 assure you, and that process is currently ongoing. Like I
12 said, the defendants really object to being--being put in a
13 position of addressing the merits of a FOIA request before
14 they've even had a chance to process the FOIA request.
15         I want to stop and say that even if you take
16 plaintiff's argument that "as soon as practicable" means 20
17 days, those 20 days have not passed. And therefore, his
18 request wouldn't even be ripe.
19         So I'm raising jurisdictional issues, and I'm
20 suggesting that plaintiff ought not to be able to obliterate
21 the rights and obligations of the FOIA statute by coming in
22 here with a TRO and requesting rulings on the merits of a
23 FOIA request that has not yet been processed, no exemptions
24 have yet been claimed, and he has not exhausted his
25 administrative remedies with regard to his FOIA request,

MILLER REPORTING COMPANY, INC.
735 - 8TH STREET, S.E.
Washington, D.C. 20003
(202) 546-6666

11/20/02 WED 09:55 FAX 202 514 1009                                    ☒012

t-j
                                                                         10

1  which would then give the Court jurisdiction.
2          I don't have anything else at this time. Unless
3  the Court has further questions, I'd be happy to address
4  them.
5          THE COURT: No. Well, let me just--do you want to
6  be heard again?
7          MR. SOBEL: Your Honor, the defendants have raised
8  jurisdictional issues, which I would like an opportunity to
9  respond to, if the Court would hear them.
10         THE COURT: I don't think we have to worry about
11 the jurisdiction at this point.
12         MR. SOBEL: And it also went to the question of
13 whether or not plaintiff has exhausted administrative
14 remedies. I think the defendants are confusing the claim
15 that plaintiff is making here. We are not getting to the
16 merits of the underlying FOIA request. I think that's very
17 clear.
18         But Congress gave the Court jurisdiction to look
19 at denials or failures to grant in an expeditious way
20 requests for expedited process. And that is the
21 jurisdictional provision that we're relying on, and I think
22 it's quite clear that we have met that standard.
23         THE COURT: Okay.
24         MR. SOBEL: Now--
25         THE COURT: Mr. Sobel, I am on record quite

MILLER REPORTING COMPANY, INC.
735 - 8TH STREET, S.E.
Washington, D.C. 20003
(202) 546-6666

                                                                            11

1   recently in another case for the proposition that I do not
2   consider the Freedom of Information Act to be a vehicle for
3   getting access to government documents in real time through
4   litigation. That's not what FOIA is all about.
5           And so, I'm really not--obviously, I have to be
6   and I am concerned about the law of jurisdiction, but I
7   don't think the question being presented here is a
8   jurisdictional question. I think the question being
9   presented here is a purely practical question about what is
10  practicable and what is not practicable for the FBI.
11          Now, I don't think it means immediate, and I don't
12  think it means as soon as possible. And I don't know what
13  it actually means in the context of this case until the FBI
14  has a reasonable chance to evaluate what is before it in
15  terms of the request.
16          Now, they may differ from what I'm about to say
17  and what I consider reasonable. What I would like the FBI
18  to do is to report to me with a copy to you in a very short
19  period of time, let's say ten days, on when you're going to
20  be able to produce documents or please contemplate this,
21  begin production of documents. There's no reason why
22  rolling production cannot be made under the Freedom of
23  Information Act.
24          That report will be made available to the
25  plaintiffs and the plaintiffs may then come back, if they're

MILLER REPORTING COMPANY, INC.
735 - 8TH STREET, S.E.
Washington, D.C. 20003
(202) 546-6666

t-j

12

1  not satisfied with it, and we'll have a motions hearing on
2  that. But it seems to me that the FBI is entitled to a
3  reasonable period of time, which I will define as ten days,
4  to let me know what is "as soon as practicable" means for
5  them. And I will have that information and you will have
6  that information and then we can discuss it further, if we
7  need to.
8           All right?
9           MR. SOBEL: I find that reasonable, Your Honor.
10          THE COURT: Thank you.
11          MS. BARSOOMIAN: Thank you, Your Honor.
12          THE COURT: All right. Now, one more question
13  that had just borne out of experience. Is there or will
14  there be an issue about a fee waiver?
15          MR. SOBEL: We have applied for a fee waiver.
16  Every agency that we have ever raised the issue with has
17  granted us a fee waiver. I would certainly hope that we
18  would be granted a fee waiver in this case, but I cannot
19  speak on behalf of the Agency, obviously.
20          THE COURT: All right. So it's applied for and
21  not decided yet. Right?
22          MS. BARSOOMIAN: Honestly, I don't know anything
23  about a fee waiver. It's the first I'm hearing about it.
24  But if he has not received a determination, it would occur
25  to me that it's still pending.

1    Is that right?  Yes.

2    THE COURT:  Okay.

3    MR. SOBEL:  Might I ask that that issue be
4    addressed within ten days, so that we all know where we
5    stand on it.  I do believe it's relatively straightforward.

6    THE COURT:  Well--

7    MR. SOBEL:  This is obviously a matter of some
8    great public interest.  I think the application of the fee
9    waiver standard here is relatively simple.

10   THE COURT:  Yes.  I shouldn't have opened that can
11   of worms.  I have learned actually, in a couple of recent
12   cases, that there seems to be a left hand and a right hand.
13   And the FBI, on one hand, deals with the production of
14   documents.  The other deals with fee waivers, and they don't
15   exactly--they're not always talking to each other.

16   I suggest that the FBI deal with a fee waiver
17   question within the same ten days.  I do not require it.

18   Anything further?

19   MR. SOBEL:  Not from plaintiff, Your Honor.

20   THE COURT:  All right.

21   MS. BARSOOMIAN:  Not for the defendants.

22   THE COURT:  Thank you-all.

23   MS. BARSOOMIAN:  Thank you.

24   MR. SOBEL:  Thank you.

25   THE COURT:  We're adjourned.

26   (Proceedings adjourned at 4:05 p.m.)

MILLER REPORTING COMPANY, INC.
735 - 8TH STREET, S.E.
Washington, D.C. 20003
(202) 546-6666

# CERTIFICATE

I, **TRISTAN-JOSEPH**, the Official Court Reporter for Miller Reporting Company, Inc., hereby certify that I recorded the foregoing proceedings; that the proceedings have been reduced to typewriting by me, or under my direction and that the foregoing transcript is a correct and accurate record of the proceedings to the best of my knowledge, ability and belief.

*[signature]*
TRISTAN-JOSEPH