IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER,** )<br>)<br>)<br>            Plaintiff,            )<br>)<br>     v.                            )<br>)<br>**DEPARTMENT OF JUSTICE,**      )<br>)<br>            Defendant.           )<br>                                   ) | Civil Action No. 06-0029 (CKK)<br>ECF |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL EXPEDITED PROCESSING
OF ITS FREEDOM OF INFORMATION ACT REQUEST**

Plaintiff Electronic Privacy Information Center ("EPIC" or "plaintiff") has moved for entry of an order requiring the Federal Bureau of Investigation ("FBI"), a component of defendant Department of Justice ("DOJ"), to expedite the processing of plaintiff's Freedom of Information Act request for records concerning instances of apparent intelligence misconduct. Plaintiff has requested that the Court compel the DOJ to complete the processing of plaintiff's request within twenty (20) days, and to produce a *Vaughn* index within thirty(30) days.

Defendant does not dispute that plaintiff's request is legally entitled to expedited processing under the Freedom of Information Act ("FOIA") and the agency's regulations. Now, however, more than four months after plaintiff submitted its request, the DOJ not only has failed to complete its processing, but asks that it be permitted an *additional four months* to do so. Furthermore, defendant has failed to make the showing necessary for the Court to permit it more time to process even a standard, non-expedited FOIA request. For these reasons, as well as the reasons presented in plaintiff's motion, the Court should order the DOJ to complete the

processing of plaintiff's request within twenty (20) days.

## ARGUMENT

This issue raised in this motion is discrete and clear. The DOJ acknowledged plaintiff's legal entitlement to expedited processing more than three months ago. However, the agency has failed to comply with not only the FOIA's provisions for expedited processing, but also the statute's mandated time frame of twenty working days for responding to a standard, non-expedited request. The agency's failure to complete the processing of plaintiff's request constitutes a continuing impediment to plaintiff's (and the public's) ability to examine the FBI's reports of intelligence misconduct to the Intelligence Oversight Board. The DOJ's action is clearly unlawful and necessitates the relief plaintiff seeks.

**I.     The DOJ Has Failed to Process EPIC's Request in an Expedited Manner, and Should be Ordered to Do So**

This Court has unequivocally held that an agency's failure to process a FOIA request within the statutorily mandated twenty working-day time frame is, on its face, a violation of the FOIA's expedited processing provisions. As Judge Kennedy recently noted,

> an agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request "as soon as practicable." That is, a *prima facie* showing of agency delay exists when an agency fails to process an expedited FOIA request within the time limit applicable to standard FOIA requests.

*Electronic Privacy Information Center v. Dep't of Justice*, No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at **19-20 (D.D.C. Feb. 16, 2006) (attached to Plaintiff's Motion to Compel Expedited Processing of Its FOIA Request ("Pl. Mot.") as Exhibit 12).

In its opposition, the DOJ attacks the holding in *Electronic Privacy Information Center v.*

*Dep't of Justice*, claiming that the Court's rationale is "flawed" because it is "based on the assumption that the 20 day time period set forth in § 552(a)(6)(A)(i) as [sic] a rigid deadline for the standard FOIA request." Def. Opp. at 10.[1] The DOJ also asserts that the Court's holding is incorrect because it "ignores the fact that granting expedited processing gives the request priority over previously filed requests." Def. Opp. at 11.

In fact, the Court did not misunderstand or ignore the government's arguments in that case. Rather, the Court weighed and explicitly rejected them.

> DOJ argues that the "as soon as practicable" language in the expedited processing provisions should be interpreted to impose no concrete deadline. Rather, according to DOJ, the court should interpret expedition under FOIA to require merely that an agency move a request "to the head of the line." Moreover, DOJ insists that courts should defer to an agency's determination that it is giving priority to a request and processing it "as soon as practicable."
>
> Under DOJ's view of the expedited processing provisions of the FOIA, the government would have carte blanche to determine the time line for processing expedited requests, with the courts playing no role whatsoever in the process. . . . [ ] DOJ's counsel suggested that the court and the requestor simply must take at face value an agency's determination that more time is necessary, regardless of the time that has elapsed since the request was filed. DOJ's position is easily rejected.

*Electronic Privacy Information Center v. Dep't of Justice*, No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at *14 (citations omitted).

Moreover, the Court pointed out that allowing the government more time to process an

---

[1] Defendant's opposition notes that the DOJ has filed a motion "seeking relief" from the Court's order, Def. Opp. at 10 n.7, which directed the agency to process plaintiff's FOIA request within twenty (20) days of the Court's order, as well as provide a *Vaughn* index within thirty (30) days of the Court's order. *Electronic Privacy Information Center v. Dep't of Justice*, No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at *30. To date, however, the DOJ has not moved for reconsideration, filed a notice of appeal, or otherwise indicated that it intends to challenge the legal basis for the decision.

*expedited* request than the statute allows for a non-expedited request would "produce absurd results." *Id*. at *19 (internal quotes and citation omitted). The Court noted that the legislative history of the Electronic Freedom of Information Act Amendments of 1996, which provided for expedited processing, "makes clear that, although Congress opted not to impose a specific deadline on agencies processing expedited requests, its intent was to 'give the request priority for processing *more quickly than otherwise would occur*.'" *Id.* (quoting S. Rep. No. 104-272, at 17 (1996) (emphasis in original). The Court added,

> [i]nterpreting FOIA to allow the agency *more* time than that provided in situations involving standard FOIA requests neither hastens the release of information nor does it allow for processing "more quickly than otherwise would occur." For these reasons, this court is of the view that the phrase "as soon as practicable," in the context of a provision of FOIA allowing for *expedited* processing, cannot be interpreted to impose a lower burden on the agency than would otherwise exist.

*Id.* (emphasis in original).

This Court should reject the government's arguments here for the same reasons it found them unpersuasive in *Electronic Privacy Information Center v. Dep't of Justice.*

## II.     The DOJ has Failed to Show That it Should Be Permitted an Additional Four Months to Process EPIC's Request

In support of its opposition, the DOJ states, "under FOIA, a court may grant an extension to allow the agency to finish its search and processing where the agency has been unable to meet the deadline because of exceptional circumstances." Def. Opp. at 10-11 (citing 5 U.S.C. § 552(a)(6)(c); *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 615 (D.C. Cir. 1976)). The DOJ further asserts that "[s]uch circumstances make the 20-day deadline 'not mandatory but directory.'" *Id*. (quoting *Open America*, 547 F.2d at 616). While defendant

4

correctly states the law, it makes no attempt in its opposition to carry its burden of showing that it actually should be permitted additional time by the Court to process plaintiff's request.[2]

### A.  The DOJ Has Failed to Demonstrate That Exceptional Circumstances Exist to Justify a Stay

The legal standard that DOJ must satisfy to demonstrate an entitlement to a stay is well established. The "exceptional circumstances-due diligence" standard derives from two sources: the FOIA itself, 5 U.S.C. § 552(a)(6)(C)(i)-(iii); and the D.C. Circuit's opinion in *Open America v. Watergate Special Prosecution Force*, 547 F. 2d 605 (D.C. Cir. 1976), which construed the statutory provision.[3] This Court recently recognized that

> [u]nder D.C. Circuit law, a stay pursuant to [the statute] and the *Open America* doctrine may be granted "(1) when an agency is burdened with an unanticipated number of FOIA requests; *and* (2) when agency resources are inadequate to process the requests within the time limits set forth in the statute; *and* (3) when the agency shows that it is exercising 'due diligence' in processing the requests; *and* (4) the agency shows reasonable progress in reducing its backlog of

---

[2] As this Court has held, "[b]ecause Congress *imposed a burden* on agencies to account for any delay in the processing of standard FOIA requests, it stands to reason that an agency may also be held to account for delays in expedited processing." *Electronic Privacy Information Center v. Dep't of Justice*, No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at *20 n.8 (emphasis added).

[3] It is not altogether clear whether the statute even contemplates *Open America*-type extensions of time in cases requiring expedited processing, where the agency must process the request "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii). At least one decision of this Court states unequivocally that "a stay is not appropriate where the request is necessary and urgent." *Edmond v. United States Attorney*, 959 F. Supp. 1, 3 (D.D.C. 1997) (citations omitted). *See also Edmonds v. FBI*, No. 02-1294, 2002 U.S. Dist. LEXIS 26578 **6, 12-13 (D.D.C. Dec. 3, 2002) (finding that the FBI satisfied the "exceptional circumstances-due diligence" standard, yet denying a stay where the FOIA request was entitled to expedited processing) (attached hereto as Exhibit 1). At the very least, it is clear that an agency seeking to delay processing of an *expedited* request must, at a minimum, satisfy the "exceptional circumstances-due diligence" test applicable to standard requests. As this Court has recognized, "[a]ny reading of the statutory language that allows the agency more time than allowed in standard requests would . . . run counter to the clear meaning of the words used in the expedited processing provision." *Electronic Privacy Information Center v. Dep't of Justice*, No. 06-00096, 2006 U.S. Dist. LEXIS 5773, at *19 n.7. As we show, defendant has failed to satisfy that standard.

5

requests."

*The Wilderness Society v. Dep't of the Interior*, No. 04-0650, 2005 U.S. Dist. LEXIS 20042, at **31-32 (D.D.C. Sept. 12, 2005) (citations omitted; emphasis in original) (attached hereto as Exhibit 2).[4] *See also Electronic Privacy Information Center v. Dep't of Justice*, No. 02-0063, 2005 U.S. Dist. LEXIS 18876, at **10-11 (D.D.C. 2005) (same) (attached hereto as Exhibit 3).

Defendant DOJ has not even attempted to argue in its opposition that it is entitled to additional time to process plaintiff's request under the *Open America* standard. Rather, it concludes that its proposed 120-day extension "is reasonable in view of the volume and nature of the information sought." Def. Opp. at 13. It is clear, however, that the "volume and nature of the information sought" cannot alone satisfy an agency's burden of meeting the "exceptional circumstances-due diligence" test.[5] Nowhere in its opposition does DOJ assert that the FBI is

---

[4] The court noted in *Wilderness Society* that

> [p]ursuant to the 1996 amendments, Congress *tightened the standard* for obtaining a stay by defining the term "exceptional circumstances" so as to exclude any "delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of requests." 5 U.S.C. § 552(a)(6)(C)(ii).

*Id*. at *31 (emphasis added).

[5] DOJ quotes the FOIA's legislative history and *Wilderness Society* for the proposition that "Congress specifically recognized agencies may need additional time to review documents to prevent the disclosure of classified information" when processing FOIA requests. Def. Opp. at 14 (citation omitted). In support of this proposition, DOJ notes the Court's statement in *Wilderness Society* that "circumstances such as . . . the amount of classified material [and] the resources devoted to the declassification of classified material of public interest . . . are relevant to a court's determination as to whether exceptional circumstances exist." Def. Opp. at 14, quoting *Wilderness Society*, No. 04-0650, 2005 U.S. Dist. LEXIS 20042, at *21. The quoted passages add little to the Court's consideration of the issue in this case. First, the quoted language in no way suggests that the existence of classified material, in the absence of other factors specified in *Open America*, can be deemed to establish "exceptional circumstances." Second, the question of "resources being devoted to declassification of classified material," when read in the context of the *Open America* standard, appears to relate to a determination of whether

6

"burdened with an unanticipated number of FOIA requests," has "inadequate" resources to process the requests it receives, is exercising "due diligence" in processing FOIA requests, or is making "reasonable progress in reducing its backlog of requests."  Rather, defendant DOJ bases its expectation of additional time upon the number of records at issue, the classified status of some of the material, and the fact that other exemptions apply.[6]  Def. Mot. at 13-14.  But regardless of how difficult or time-consuming the processing of the responsive material may assertedly be, defendant has clearly not satisfied the well-established *Open America* standard as construed in this Circuit.

### B. DOJ has not Exercised "Due Diligence" in Its Processing of Plaintiff's FOIA Request

DOJ has also failed to satisfy the "due diligence" prong of the standard.  The D.C. Circuit has recognized that FOIA's legislative history requires an agency to have exercised "due diligence" *from the outset* in order to qualify for the kind of relief DOJ seeks here.  *Oglesby v. Department of the Army*, 920 F.2d 57, 62 n.3 (D.C. Cir. 1990) ("The court [has] authority to allow the agency additional time to examine requested records in exceptional circumstances where

---

the agency can show "reasonable progress in reducing its backlog of requests." The DOJ does assert that other expedited requests proceeded plaintiff's request in the FBI's FOIA queue at the time it was received four months ago (including a prior request from plaintiff that the FBI finished processing more than two months ago).  Def. Opp. at 12.  However, the DOJ cites only one case in which a court-imposed processing deadline continues to require the FBI's attention.  Affidavit of David M. Hardy ¶ 34 (attached to Def. Opp.).  Defendant does not make any effort to explain how it is currently devoting resources to reducing its alleged backlog of expedited FOIA requests, except to conclusively state that these resources are "substantial."  Def. Opp. at 13.

[6] Defendant asserts that "a court may grant an extension to allow the agency to finish its search and processing where the agency has been unable to meet the deadline because of exceptional circumstances." Def. Opp. at 9-10, but fails to cite any caselaw that squarely addresses the question before the Court here: whether the volume of documents coupled with the presence of classified material constitutes an "exceptional circumstance."

the agency was exercising due diligence in responding to the request *and had been since the request was received*.") (quoting H.R. Conf. Rep. No. 1380, 93d Cong., 2d Sess. 11 (1974)) (emphasis added).

    The public record clearly establishes that the Bureau has not even approached the requisite showing in its handling of plaintiff's request to date. EPIC's requests were submitted to the FBI on November 14, 2005. Pl. Mot. Exhibits 3, 4 & 5. More than three months later, on February 24, 2006, the agency provided the "first in a series of interim releases" in response to EPIC's request. Letter from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI, to Marcia Hofmann, EPIC (Feb. 24, 2006) (attached to Pl. Mot. as Exhibit 11). Since then, and after plaintiff filed its motion to compel the expedited processing of the request at issue here, plaintiff received two other interim responses. Letter from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI, to Marcia Hofmann, EPIC (March 17, 2006) (attached hereto as Exhibit 4); Letter from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI, to Marcia Hofmann, EPIC (March 27, 2006) (attached hereto as Exhibit 5). In the 136 days since its receipt of plaintiff's requests, DOJ has reviewed 686 pages, 548 of which were released in full or part, and 138 of which were withheld in their entireties. Pl. Mot. Exhibit 11; Exhibits 4 & 5 attached hereto. Of the 548 pages released in full or part, 92 pages had already been reviewed and released to plaintiff in prior litigation. *See* Pl. Mot. Exhibit 11.[7]

---

[7] It is also worth noting that a significant amount of the material responsive to EPIC's request has already been identified by the FBI and disclosed to the DOJ Inspector General for examination.

8

It is thus clear that defendant DOJ has, to date, failed to exercise "due diligence" in its handling of material responsive to this *expedited* FOIA request. By no stretch of the imagination can DOJ's response be deemed diligent "since the request was received," *Oglesby*, where it required 136 days to process and disclose 548 pages, a significant number of which had already been processed. Notwithstanding any representations that might be made in the government's submissions, it is beyond dispute that defendant DOJ has failed to meet its burden of satisfying the "exceptional circumstances-due diligence" test.[8] Thus, the Court should not permit defendant an additional four months to process EPIC's request, but should order the DOJ to process and release non-exempt material responsive to EPIC's request within twenty (20) days.[9]

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in plaintiff's motion, the Court should grant plaintiff's motion for entry of an order requiring defendant DOJ and its component

---

*See* U.S. Dep't of Justice Inspector General, *Report to Congress on Implementation of Section 1001 of the USA PATRIOT Act* 20-30 (March 8, 2006), *available at* http://www.usdoj.gov/oig/special/s0603/final.pdf.

[8] Defendant claims that plaintiff has "deceptively" suggested that courts impose shorter FOIA processing deadlines upon agencies than they actually do, failing to take into account "the time that had elapsed since the FOIA requests had been submitted to the respective agency as well as subsequent extensions of time granted by the courts in those cases." Def. Opp. at 15. The facts of every case are unique, and courts fashion their orders in light of those circumstances. However, no case cited by plaintiff or defendant holds that agencies are entitled to additional time to process FOIA requests when they fail to satisfy the "exceptional circumstances-due diligence" standard. Defendant has failed to carry its well-established burden here.

[9] Plaintiff opposes the use of a "sampling" *Vaughn* index in this case, as defendant proposes. Def. Opp. 19-21. Although plaintiff initially asked the Court to require defendant to file a *Vaughn* index within 30 days, plaintiff is prepared to revise that request. Given the expedited nature of this matter, plaintiff urges the Court to establish a briefing schedule requiring the government to file a dispositive motion within 30 days of its completion of the processing of responsive material. It is premature to consider the type of index that might be deemed adequate until the processing is complete.

the FBI to expedite the processing of plaintiff's Freedom of Information Act request for records concerning reports of apparent intelligence misconduct, and to complete the processing of plaintiff's request within twenty (20) days of the Court's order. This Court should also grant EPIC's request for an order establishing a schedule for the submission and briefing of a dispositive motion in this case.

Respectfully submitted,

/s/_____
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar No. 422825

ELECTRONIC PRIVACY INFORMATION
    CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff