UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>      Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF JUSTICE,<br><br>      Defendant. | Civil Action No. 06–29 (CKK) |

**ORDER**
(July 18, 2006)

Plaintiff, Electronic Privacy Information Center ("EPIC"), filed a Complaint for injunctive relief against the Department of Justice on January 10, 2006, related to Freedom of Information Act (FOIA)[1] requests made via letters dated November 14, 2005, to the Federal Bureau of Investigation (FBI), the Office of Inspector General (OIG), and the Attorney General. Compl. ¶¶ 7, 8.  The aforementioned FOIA requests pertained to agency records "concerning matters of possible intelligence misconduct reported or considered for reporting to the IOB [Intellegence Oversight Board]." *Id.*  EPIC also wrote to the Office of Public Affairs to request expedited processing of these requests pursuant to 28 C.F.R. § 16.5(d)(1)(iv).  Compl. ¶ 9. While the OIG informed EPIC that it had located no documents responsive to Plaintiff's request, both the Attorney General and the FBI acknowledged receipt of Plaintiff's request and stated that Plaintiff's request for expedited processing had been granted.  *See Id.* ¶¶ 10–12; Answer ¶¶ 10–12.  Upon filing of the Complaint, no documents had been provided to EPIC.  Compl. ¶ 13; Answer ¶ 13.

---

[1] 5 U.S.C. § 552.

The Parties filed a Joint Status Report on March 6, 2006, indicating that since the Complaint was filed, Defendant had notified EPIC that the Attorney General had located no records responsive to Plaintiff's FOIA request. Report at 1. As of that date, the FBI had reviewed 238 pages of responsive material, and had released 209 pages to Plaintiff. *Id.* at 2. In the Report, the Parties indicated that the "FBI informed plaintiff that there were approximately 5,000 pages of responsvie material, and it would process 1,250 pages every 28 days, resulting in the anticipated completion of processing in four months." *Id.*

Presently before the Court is Plaintiff's [7] Motion to Compel Expedited Processing of Its Freedom of Information Act Request, filed on March 7, 2006, "for the entry of an order requiring defendant Department of Justice's component the [FBI] to expedite the processing of plaintiff's Freedom of Information Act request for records concerning instances of apparent intelligence misconduct; to complete the processing of plaintiff's request within twenty (20) days; and to produce a *Vaughn* index within thirty (30) days." Pl.'s Mot. at 1. While Plaintiff summarily requested that the Court give "expedited consideration"[2] to Plaintiff's Motion, which the Court notes was not filed as a Motion for Preliminary Injunction, Plaintiff provided no basis under which the Court should consider Plaintiff's request on an expedited basis nor any reasons why Plaintiff's FOIA request should be considered out of the normal expedited processing procedures employed by the FBI.[3] In Defendant's Opposition, filed on March 20, 2006, the Department of Justice represents that "the FBI is processing this request on an expedited basis, has provided

---

[2] Pl.'s Mot. at 10–11.

[3] A description of the FBI's FOIA expedited processing procedures has been provided by the Defendant in Exhibit 1 to its Opposition, Declaration of David M Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division, at FBI Headquarters in Washington, D.C.

plaintiff with 442 pages of responsive documents and has stated that it will complete the processing of the approximate 5500 pages of responsive materials within 120 days." Def.'s Opp'n at 1; *see also id.* at 13.  Defendant also represents in its Opposition that it anticipates needing an additional 120 days to create a *Vaughn* index upon completion of its processing of the approximate 5500 pages of responsive material, based on the fact that "almost [] all of the 5500 pages contain information that is protected by one or more of the exemptions." *Id.* at 19. Plaintiff filed a Reply on March 30, 2006, in which Plaintiff indicated that "[a]lthough plaintiff initially asked the Court to require defendant to file a *Vaughn* index within 30 days, plaintiff is prepared to revise that request.  Given the expedited nature of this matter, plaintiff urges the Court to establish a briefing schedule requiring the government to file a dispositive motion within 30 days of its completion of the processing of responsive material.  It is premature to consider the type of index that might be deemed adequate until the processing is complete." Def.'s Opp'n at 9 n. 9.

    Because the Department of Justice represented to the Court and to Plaintiff in its Opposition filed on March 20, 2006, that it would complete processing of the approximate 5500 pages of documents within 120 days, and because 120 days from March 20, 2006, is today, July 18, 2006, the Court does not discern any discrepancy at the instant juncture between the relief requested by Plaintiff and the representations made to the Court and to Plaintiff by Defendant regarding the expedited processing of the documents requested.  Thus, the Court shall GRANT [7] Plaintiff's Motion to Compel Expedited Processing of its Freedom of Information Act Request with respect to the production of documents.  The Court shall further order the Parties to file a Joint Status Report to ensure that Defendant has complied with this Order and its

3

representations to the Court and Plaintiff.  Since Plaintiff indicated in its Reply that it was "prepared to revise [its] request" with respect to the *Vaughn* index, the Court will order the Parties to include in their Joint Status Report a proposed briefing schedule or otherwise indicate to the Court if Plaintiff's FOIA request has been met in its entirety such that the instant case has been rendered moot.

Accordingly, it is this 18th day of July, 2006, hereby

ORDERED that [7] Plaintiff's Motion to Compel Expedited Processing of Its Freedom of Information Act Request is GRANTED IN PART such that consistent with the representations made by the Defendant to the Court and to Plaintiff, all documents pertaining to Plaintiff's FOIA request must be provided by the FBI to Plaintiff by July 21, 2006; it is also

ORDERED that the Parties shall file a Joint Status Report by July 28, 2006, indicating whether Defendant has complied in full with the Court's Order.  Plaintiff shall also indicate if Plaintiff's request for documents has been met in full such that the instant case should be dismissed, and if not, the Parties shall jointly provide a briefing schedule to the Court for the filing of Defendant's dispositive motion, including a *Vaughn* index.

SO ORDERED.

                                                                                      /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge